UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Morgan Howarth, | Case No: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Amsum & Ash, Inc., | |
| | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff Morgan Howarth ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Amsum & Ash, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Morgan Howarth (*"Howarth"*) is a professional photographer specializing in architectural and interior photography. He is also skilled in many other forms of photography and is known for creating perfectly lit, illustrative images by combining multiple separately lit shots. Howarth's work has been featured on the covers and inside pages of *Washington Spaces* magazine. Clients and collaborators praise his striking composition, exceptional lighting, and professional insight.

3. Howarth created a photograph of a luxury kitchen (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Upon information and belief, Defendant is an importer, wholesale distributor, and retailer of high-quality natural stone slabs and building materials. The

1

company's business model is vertically integrated, leveraging its parent company's international production facilities for a competitive advantage. The company uses its website and social media accounts to display inventory and showcase its high-end brands.

5. As a part of its marketing and branding strategy, Defendant owns and operates a social media account on Facebook known as "@Amsum & Ash" ("*Account 1*").

6. Defendant also owns and operates a social media account on Instagram known as "@amsumash" ("*Account 2*", together with Account 1 the "*Accounts*").

7. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Accounts as a self-promotional advertisement and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

8. Plaintiff is an individual who is a citizen of the State of Virginia and maintains a principal place of business in Prince William County, Virginia.

9. Upon information and belief, Defendant is a Minnesota corporation with a principal place of business at 30 52nd Way Northeast, Fridley in Anoka County, Minnesota.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Minnesota.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.  Plaintiff's Copyright Ownership**

13. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

14. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

15. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17. Plaintiff created the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

18. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

19. On September 28, 2011, the Photograph was registered by the USCO under Registration No. VA 1-803-266.

20. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.  Defendant's Infringing Activity**

21. Defendant is the operator of the Accounts and is responsible for their content.

22. Defendant controls the Accounts and is responsible for their content.

23. The Accounts are a key component of Defendant's popular and lucrative commercial enterprise.

24. Upon information and belief, Defendant has not implemented adequate

3

internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

25. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

26. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringements.

27. On or about March 16, 2022, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on Account 1 as part of a social media post at URL: https://www.facebook.com/AmsumAsh/posts/absolute-black-granite-available-in-honed-polish-which-finish-do-you-preferswipe/5140220622702776/. *("Infringement 1")*. A copy of a screengrab depicting Infringement 1 is attached hereto as Exhibit 2.

28. Infringement 1 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant.

29. On or about March 16, 2022, without permission or authorization from Plaintiff, Defendant further volitionally copied and displayed the Photograph on Account 2 as part of a social media post at URL: https://www.instagram.com/p/CbK00kwuRuM/?img_index=2. *("Infringement 2")*. A copy of a screengrab depicting Infringement 2 is attached hereto as Exhibit 2.

30. Infringement 2 is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant.

31. Plaintiff first observed Infringement 1 on July 18, 2024 and Infringement 2 on December 12, 2024.

32. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and

to the Photograph.

33. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

34. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

35. Upon information and belief, the Photograph was willfully and volitionally posted to the Accounts by Defendant.

36. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

37. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

38. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

39. Upon information and belief, Defendant monitors the content on its Accounts.

40. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

41. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase its business revenue.

42. Upon information and belief, a large number of people have viewed the

unlawful copy of the Photograph on the Accounts.

43. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

44. Defendant's use of the Photograph harmed the actual market for the Photograph.

45. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

46. On October 15, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringements of Plaintiff's rights-protected work.

47. On November 14, 2024, Plaintiff, via counsel, served a second letter seeking to address the complaints contained herein concerning Defendant's infringements of Plaintiff's rights-protected work.

48. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

49. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

50. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

51. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

53. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

54. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

55. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

56. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

57. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

58. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

59. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

60. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright

pursuant to 17 U.S.C. § 502.

## JURY DEMAND

61.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.   finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b.   for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.   for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.   for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505

e.   for pre-judgment interest as permitted by law; and

f.   for any other relief the Court deems just and proper.

DATED: February 20, 2026

                                                                                    Respectfully submitted,

                                                                                    */s/ DeAijha Oliver*
                                                                                    DeAijha Oliver, Esq.
                                                                                    Minnesota Attorney ID No.: 0403070
                                                                                    333 Earle Ovington Blvd., Suite 402

Uniondale, NY 11553
Tel: (502) 681-4380
Email: deaijhaoliver@gmail.com


**SANDERS LAW GROUP**

*/s/ Renee J. Aragona*
Renee J. Aragona, Esq.
New York Attorney ID No.: 4980595
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 130920
*Pro Hac Vice Motion Forthcoming*

*Attorneys for Plaintiff*

9